PEDRO HARO v. THE STATE.

No. 18959. Delivered May 26, 1937.

The opinion states the case.

*Jack Roberts,* of Austin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is burglary; penalty assessed at confinement in the penitentiary for life.

The enhanced penalty for the third conviction as provided in Art. 63, P. C., was invoked.

The primary offense was that of night-time burglary of a private residence. The charging part of the indictment reads as follows:

"* * * did then and there unlawfully in the night time, by force, threats and fraud, break and enter a house there situate, and owned, occupied and controlled by Travis Williams without the consent of the said Travis Williams and with the intent then and there fraudulently to take from the said house corporeal personal property therein being and belonging to the said Travis Williams from the possession of the said Travis Williams without his consent, and with the intent to deprive the said Travis Williams the owner of said corporeal personal property, of the value thereof, and to appropriate the same to the use and benefit of him, the said Pedro Haro, said house being then and there the private residence of the said Travis Williams and the said Travis Williams was then and there using said house as a private residence."

Appellant contends that the indictment is fatally defective in that it does not follow the provisions of Art. 1391, P. C., which declares that the alleged private residence was "occupied and actually used" as a private residence by the alleged injured party.

Formerly an indictment for the offense in question was insufficient unless there was an averment to the effect that the burglarized premises were *"occupied and actually used"* as a private residence. See cases collated in Moore v. State, 116

Texas Crim. Rep., 67, 28 S. W. (2d) 151. However, in the recent case of Sims v. State, 34 S. W. (2d) 1098, this court, speaking through Judge Lattimore, in the opinion on motion for rehearing, said:

"We might say that we do not think it necessary to insert in the indictment the word 'actually' in setting out the use of such building as a residence, inasmuch as it seems to us that in the indictment the statement that such building was at the time alleged 'used and occupied as a private residence' by the person named, would be sufficient without the use of the word 'actually.' "

Under the authority of the Sims case, supra, we think the indictment in the present instance is sufficient to charge the offense of burglary of a private residence.

Travis Williams testified that he lived at 303 East 10th Street in the city of Austin; that on the night of August 12, 1936, between the hours of 12:00 and 3:00 o'clock some one rang his front door bell. As he went to answer the door bell, Williams discovered the appellant inside of the house. Appellant had some clothes which he had gotten out of the room occupied by Mr. Adams. When discovered the appellant threw the clothes on the floor of the living room. About that time the officers came in the front door and arrested the appellant. Williams testified that the doors of the house were closed at nights; that appellant came through the front door by unlatching the door by force. There was evidence on Mr. Adams' door that the appellant had used an ice pick or some similar instrument in opening the door.

Hill, a city detective, testified that in response to a telephone call on the night of August 12, 1936, between 12:00 and 3:00 o'clock he went to the Williams' house; that when he rang the door bell the appellant came to the door but retreated to the back of the house. Mrs. Williams finally opened the door and the officer went inside. She followed the appellant to the back of the house and when he started for the front door the second time the appellant was arrested by the officer.

Appellant testified that on August 12, 1936, he was in San Antonio, Texas; that he left there about 7:00 o'clock in the evening in company with one Pedro Ramos in a Chevrolet automobile and came to Austin. When they arrived at Austin, appellant went to 303 East 10th Street for the purpose of getting a job as a cook; that Ramos had advised him that a man living at the address mentioned owned a chain of restaurants and might give appellant a job as a cook. Appellant said he was

looking for Freeman Dickinson, who lived in room No. 8 at 303 East Tenth Street. Appellant said he had $11.00 in money and anticipated renting a room if he could get one. He walked up to the door and looked for a door bell. Failing to find one, he walked in the door which was open and into the living room. He walked down the hall looking for Room No. 8. By that time he met Mrs. Williams in the hall. She went to the front door and appellant continued walking to the back of the house. When appellant came back to the front door he met the officer. Appellant denied that he picked up any clothes, or that it was his intention to burglarize the house. When appellant told the officer he was looking for Freeman Dickinson, Mrs. Williams said: "Nobody lives here by that name." Appellant was arrested and taken to the city jail.

The State introduced in rebuttal the witness Ross Davis who testified that he saw the appellant prowling around the house at 304 East 10th Street on the night in question. When appellant walked across the street to the Williams' house, Davis telephoned the officers who came to the home of Williams and there arrested the appellant.

We think the evidence is amply sufficient to support the conviction.

In Bill of Exception No. 1, complaint is made of paragraph 15 of the court's charge, the contention being "that the court's charge takes from the jury the right by law to assess the punishment and confines their deliberation to the sole question of the guilt or innocence of the defendant."

Article 63, P. C., provides that "whoever shall have been three times convicted of a felony less than capital shall on such third conviction be imprisoned for life in the penitentiary." In the discussion of the article mentioned in Tex. Jur., Vol. 12, p. 799, sec. 407, it is said:

"The jury are required to assess the penalty in misdemeanor cases, and has some discretion in doing so; but where the offense is a felony no discretion is left to the jury; punishment is fixed by the statute at the highest penalty that may be assessed."

The statute quoted fixed the punishment at imprisonment for life. Therefore, in view of the previous convictions of the appellant, his conviction of the present offense left the jury with no discretion in assessing the penalty.

The judgment of the trial court is affirmed.

*Affirmed.*