Johnny R. MARTINEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 43990.

Court of Criminal Appeals of Texas.

June 29, 1971.

Rehearing Denied Oct. 26, 1971.

Herrington, Levbarg, Weeks & Jones, Austin, for appellant.

Robert O. Smith, Dist. Atty., Phillip A. Nelson, Robert A. Huttash and Lawrence Wells, Asst. Dist. Attys., Austin, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin; the punishment, enhanced by two prior convictions for non-capital felonies, life.

Appellant's first ground of error is that the Court erred in failing to grant him a new trial when juror Thomason testified that during their deliberations they asked the bailiff, "Does a vote have to be unanimous," and he replied in the affirmative.[1] At this juncture, ten jurors had voted for a guilty verdict and two had voted "not guilty." We had this identical question in Boone v. State, 156 Tex.Cr.R. 327, 242 S.W.2d 380, where we said,

"The allegation of the motion supported by the affidavit of the juror Cowell was to the effect that in response to a question of one of the jurors, the officer in charge of the jury stated in the jury room that all of the jurors must agree and the verdict must be unanimous rather than upon the decision of a majority of the jurors * * *

"Further, the allegations, if true, would not warrant the granting of a new trial for jury misconduct."

Appellant's second ground of error is the identical question decided adversely to his contention in Arechiga v. State, Tex.Cr.App., 462 S.W.2d 1, concerning cross-examination as to a collateral matter.

His third ground of error relates to the failure to corroborate the alleged accomplice. This contention has been decided adversely to appellant in Herrera v. State, Tex.Cr.App., 462 S.W.2d 597 and Corpus v. State, Tex.Cr.App., 463 S.W.2d 4, wherein we were discussing the same witness, Mary Hernandez.

Appellant's fourth ground of error is that the Court erred in not granting his motion to limit the penalty to fifteen years. He bases this contention upon the fact that this appellant was indicted as a habitual criminal and brought to trial before Judge Blackwell, where the State waived or abandoned the allegations as to the prior convictions and Judge Blackwell sentenced the appellant to fifteen years for the primary offense. Subsequently, Judge Blackwell granted appellant's motion for new trial. The prior indictment was dismissed and the appellant was again indicted as a habitual criminal, with the same two prior convictions alleged for enhancement, and brought to trial before Judge Thurman where the prior convictions were proven and his punishment was assessed by Judge Thurman at life as required by law.

The proof before Judge Thurman that the appellant was the same person who had been convicted in the two prior convictions alleged for enhancement distinguishes this case from North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, upon which appellant relies. See Branch v. State, Tex.Cr.App., 445 S.W.2d 756.

Appellant's fifth ground of error is that one of the two prior convictions alleged for enhancement was void because the record of the trial of that cause, which has been made a part of this record, reflects that no separate hearing on the admissibility of the confession was held by the trial court. He relies on Jackson v. Denno, 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908 (1964): for authority. He neither alleges nor contends that the confession was involuntarily given nor does he allege any facts which would establish the involuntariness of the confession. This

1. Compare concurring opinion, Mathis v. State, Tex.Cr.App., 471 S.W.2d 396, this day decided.

Court has been furnished with a supplemental transcript from the trial judge which contains a certification of the then and now trial judge that he found initially, prior to admitting the confession into evidence, that same was freely and voluntarily given by the appellant. We have reviewed the prior trial record together with the judge's certification and hold the prior conviction to be a valid one and the appellant's fifth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.