Rudolph Castillo **ARECHIGA** and Jose Moreno Perales, Petitioners-Appellants,

v.

**STATE OF TEXAS** et al., Respondents-Appellees.

No. 72–1476.

United States Court of Appeals, Fifth Circuit.

Nov. 24, 1972.

Rehearing Denied Jan. 12, 1973.

Shannon Ratliff, Austin, Tex. (Court-appointed), for Arechiga.

Joseph Latting, Austin, Tex. (Court-appointed), for Perales.

Crawford Martin, Atty. Gen., Roland Daniel Green, III, Sarah E. Phillips, Asst. Atty. Gens., Austin, Tex., for respondents-appellees.

Before DYER, SIMPSON and MORGAN, Circuit Judges.

PER CURIAM:

Petitioners Arechiga and Perales were tried separately in Texas criminal court and convicted of possessing a narcotic drug. On this habeas appeal both petitioners contend that the prosecution knowingly acquiesced in the use of false testimony and that the trial court erroneously refused to allow defense counsel to impeach the main prosecution witness. On oral argument before this court petitioners' cases were consolidated with three other cases which involved similar factual situations. It was undisputed that our disposition of the above two issues in any one case would of necessity control the same issues in the other cases. Accordingly, for the reasons stated in Corpus v. Beto, 5 Cir. 1972, 469 F.2d 953, we hold that these two contentions are without merit.

Petitioner Perales contends individually that he was denied due process of law when he received a longer sentence on retrial than he received at his first trial. In approaching this claim we must first examine the factual background that led to his final sentence. Perales was a twice-convicted felon who, under the Texas enhancement statute,[1] was subject to a mandatory life sentence if convicted of a third felony. At the first trial the state offered to waive the enhancement provisions and thereby exempt Perales of the possibility of receiving a life sentence if Perales would agree to·a non-jury trial. Perales agreed and was tried by a judge who convicted him and imposed a sentence of from 2 to 15 years.

1. Article 63, Vernon's Ann.Texas Penal Code.

Perales then filed a motion for a new trial which was granted because the judge who tried Perales had acted as prosecuting attorney in a previous case involving Perales. At the beginning of the second trial the state again offered to waive the habitual criminal provisions on condition that Perales not demand a jury trial. This time, however, Perales elected to be tried by a jury which found him guilty of possessing narcotics. At that point the state pled the enhancement statute and introduced the evidence of the prior convictions which necessarily resulted in the imposition of a life sentence that is now attacked as unconstitutional.

The basis of the attack is the case North Carolina v. Pearce, 1969, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. In that case the Supreme Court was concerned with a defendant who was given a greater sentence after retrial than the sentence received at the first trial. The same judge imposed both sentences. The Court held that although there was no violation of the provision against double jeopardy or the Equal Protection Clause, due process "requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial". 395 U.S. at 725, 89 S.Ct. at 2080. In order to assure the absence of actual vindictiveness, or the fear of vindictiveness on the part of the defendant, the Court held that whenever a judge imposes a harsher sentence upon a defendant after a new trial, the reason for doing so must affirmatively appear in the record. In applying *Pearce* this court has recently held that in the absence of a showing of some sort of judicial vindictiveness, the imposing of a longer sentence upon retrial is not violative of the Constitution. Chaffin v. Stynchcombe, 5 Cir. 1972, 455 F.2d 640.

It is at once apparent that the facts of petitioner Perales' case fail to meet the requirement of vindictiveness as set forth in *Pearce* and *Chaffin*. Prior to Perales' second trial the state offered him the very same deal it offered him before the first trial. It was Perales, not the prosecuting attorney, who chose to proceed with a trial before a jury and to forego the guarantee that the enhancement statute would not be invoked. Once petitioner rejected the state's offer the state was free to proceed as it would have in the trial of any other convicted felon and make full use of the enhancement statute. Under these circumstances we conclude that the state did not act vindictively and petitioner's contention in this regard is therefore without merit.

The denial of the writs of habeas corpus as to both petitioners is hereby

Affirmed.