**Curtis Dewitt FIELDS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46380.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Dan J. Anderson, Richardson, for appellant.

Henry Wade, Dist. Atty., and William J. Teitelbaum, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

### OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for robbery. A prior conviction was alleged for enhancement. The punishment, under Article 62, Vernon's Ann.P.C., was assessed at life.

Appellant's sole contention is that the court erred in overruling his motion for continuance because of the absence of witnesses. We overrule this contention and affirm.

The record reflects that on September 9, 1970, Jimmy L. Harris, the manager of a 7–11 Store located on Midway Road in Dallas, was robbed. Harris testified that he viewed the robber for some three minutes and took down a license number of the car

used by the robber to make his escape. Harris identified the appellant as the robber in his testimony during the trial.

On the day of the trial, the appellant made a motion for continuance. A hearing was had on this motion. There the appellant claimed that Maxine Bates, Bob Turner, Bill Dotson, Wayne Rutledge, Jean Gibbs and Jennifer Jones could testify that he was at the 77 Cafe on Harry Hines Boulevard at the time of the robbery. The appellant testified that he could not remember giving the names of these potential witnesses to his attorney prior to the filing of his motion for continuance on the day of the trial. There is no showing of an attempt to subpoena these witnesses. There was no showing of diligence. See Kelly v. State, Tex.Cr.App., 471 S.W.2d 65; Donald v. State, Tex.Cr.App., 453 S. W.2d 825.

It is not necessary to pass upon the inadequacy of the motion for continuance under Article 29.07, Vernon's Ann.C.C.P., because there is no motion for new trial alleging the failure of the court to grant a continuance. A motion for new trial based upon the overruling of the motion for continuance because of the absence of a witness should have an affidavit of the missing witness or a showing under oath from some source that the witness would actually testify to the facts set out in the motion for new trial. See 1 Branch's Ann.P.C.2d, Section 357. Rangel v. State, Tex.Cr.App., 463 S.W.2d 203. See Harris v. State, Tex.Cr.App., 450 S. W.2d 629; Thames v. State, Tex.Cr.App., 453 S.W.2d 495.

In the present case there is neither a motion for new trial nor a showing of what the testimony of any of the alleged absent witnesses would be. No error or abuse of discretion has been shown.

The judgment is affirmed.