**Johnny R. MARTINEZ, Petitioner-Appellee,**

v.

**W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

**No. 75–3055.**

United States Court of Appeals, Fifth Circuit.

March 5, 1976.

Rehearing and Rehearing En Banc Denied April 5, 1976.

John L. Hill, Atty. Gen., Paul R. Gavia, Patrick P. Rogers, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Stanley G. Schneider, Staff Counsel for Inmates, Ted Redington, Director, Staff Counsel for Inmates, Huntsville, Tex., for petitioner-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

PER CURIAM:

Martinez sought habeas corpus relief asserting that upon retrial he received a longer sentence than had been imposed on his first trial. The district court, relying on *Blackledge v. Perry*, 1974, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628, granted the writ. We reverse.

Martinez was indicted in Texas state court for possession of heroin. The indictment contained a count alleging the defendant's two prior felony convictions, in accordance with the Texas enhancement statute requiring a mandatory life sentence for a twice-convicted felon who is convicted of a third felony.[1] At the suggestion of defense counsel, a plea bargain was reached in which the government waived the habitual count and agreed to recommend a fifteen year sentence, in exchange for the defendant's waiver of a jury trial. Accordingly after the non-jury trial, defendant was convicted and sentenced to a term of fifteen years imprisonment. However, a new trial was granted the defendant because of the judge's prior activity as district attorney in prosecuting the defendant.

Martinez was charged with the same offense under a second indictment which also contained the statutory enhancement provisions. Again in response to a defense request, the state offered to waive the habitual count and recommend a sentence of fifteen years in exchange for waiver of a jury trial. The defendant, however, rejected the offer, proceeded to a trial by jury, and was convicted. The trial court sentenced him to the mandatory life imprisonment which the Texas statute required. The Texas Court of Criminal Appeals affirmed. *Martinez v. State of Texas*, 471 S.W.2d 399 (1971). Defendant then applied for and was granted a writ of habeas corpus in the district court.

The district court relying on *Blackledge* held that the imposition of the life sentence after retrial "unconstitutionally deter[red the] defendant in the exercise of his right to attack his first conviction." We disagree. In *Blackledge*, the defendant who had appealed his misde-

1. Article 63, Vernon's Ann. Texas Penal Code. The constitutionality of this statutory scheme has been upheld. *Spencer v. Texas*, 1967, 385 U.S. 554, 87 S.Ct. 648, 17 L.Ed.2d 606.

meanor conviction was subsequently indicted for a felony offense for the same transaction. This elevation in the severity of the charge in response to the appeal was condemned by the Supreme Court for its potential in discouraging defendants from the pursuit of their appellate remedies.

By contrast, in this case there has been no such retaliatory state response to the defense appeal. Here, the indictment against the defendant after appeal was identical to the first indictment against him. Both indictments contained the statutory habitual count. There was no escalation of the government's charge. The disparity in sentences imposed upon defendant after his first and second trials was the necessary result of his own choice of trial strategy rather than prosecutorial response to his appeal. Unlike *Blackledge*, we are not presented with facts suggesting a likelihood of potential prosecutorial vindictiveness. Quite the contrary appears.

Recently, in considering an identical fact situation with that *sub judice* we said:

> Prior to [defendant's] second trial the state offered him the very same deal it offered him before the first trial. It was Perales [the defendant], not the prosecuting attorney, who chose to proceed with a trial before a jury and to forego the guarantee that the enhancement statute would not be invoked. Once petitioner rejected the state's offer the state was free to proceed as it would have in the trial of any other convicted felon and make full use of the enhancement statute. Under these circumstances we conclude that the state did not act vindictively and petitioner's contention in this regard is therefore without merit. *Arechiga v. State of Texas*, 5 Cir. 1972, 469 F.2d 646, 647.

The judgment of the district court granting the writ of habeas corpus is Reversed.