Epifanio ALVAREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 51177.

Court of Criminal Appeals of Texas.

March 24, 1976.

On Rehearing May 19, 1976.

Michael Putman, San Antonio, for appellant; William Brown, San Antonio, of counsel.

Ted Butler, Dist. Atty., Charles T. Conaway, Lucien B. Campbell, and Susan Spruce, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of possession of heroin. See Art. 725b, V.A.P.C. Punishment, enhanced under Art. 63, V.A.P.C., was assessed by the court at life.

In his first ground of error, appellant contends that the trial court assessed punishment at life in violation of his rights under the Fifth and Fourteenth Amendments to the United States Constitution and in violation of the doctrine of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).

This was the second trial of appellant for this offense. The indictment on which he was first tried charged him with this same unlawful possession of heroin, and also charged that he had been twice convicted of felony offenses less than capital for enhancement purposes. The record reflects that when the case was called for trial on October 10, 1973, the State "waived and abandoned 2nd and 3rd paragraphs of indictment (Habitual enhancement of punishment) and agreed to proceed to trial on 1st paragraph." On a plea of guilty before the court, appellant, after evidence, was convicted and punishment was assessed at ten years. On appeal, the judgment was reversed and the cause was remanded for failure of the trial court to properly admonish appellant. See *Alvarez v. State,* 511 S.W.2d 521.

After remand a new indictment was presented again charging appellant with possession of heroin, and containing the same provisions of prior felony convictions for enhancement purposes. When the case was called for trial on December 11, 1974, appellant changed his former plea to one of not guilty, and chose to be tried by jury. Thereupon, the court, on the State's motion, dismissed the prior case, and the trial proceeded before a jury on the instant indictment which included the enhancement allegations. Appellant filed his request that in the event of a guilty verdict punishment be assessed by the court. After conviction, the court conducted the punishment hearing, and assessed punishment at life in accordance with Article 63, V.A.P.C.

In *Martinez v. State,* Tex.Cr.App., 471 S.W.2d 399, we passed on the same contention now raised by appellant and, in overruling the defendant's complaint, said:

"Appellant's fourth ground of error is that the Court erred in not granting his motion to limit the penalty to fifteen years. He bases this contention upon the fact that this appellant was indicted as a habitual criminal and brought to trial before Judge Blackwell, where the State waived or abandoned the allegations as to the prior convictions and Judge Blackwell sentenced the appellant to fifteen years for the primary offense. Subsequently, Judge Blackwell granted appellant's motion for new trial. The prior indictment

was dismissed and the appellant was again indicted as a habitual criminal, with the same two prior convictions alleged for enhancement, and brought to trial before Judge Thurman where the prior convictions were proven and his punishment was assessed by Judge Thurman at life as required by law.

"The proof before Judge Thurman that the appellant was the same person who had been convicted in the two prior convictions alleged for enhancement distinguishes this case from *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, upon which appellant relies. See *Branch v. State,* Tex.Cr.App., 445 S.W.2d 756."

Following this decision, Martinez sought habeas corpus relief in the United States District Court for the Western District of Texas. He asserted that upon retrial he received a longer sentence than had been imposed on the first trial, in violation of the holdings in *North Carolina v. Pearce,* supra, and *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628. The district court sustained Martinez' contention and granted the writ. On appeal, in *Martinez v. Estelle,* 527 F.2d 1330, the 5th Circuit reversed, and in a per curiam opinion rendered March 5, 1976, in part said:

"The district court relying on *Blackledge* held that the imposition of the life sentence after retrial 'unconstitutionally deter[red the] defendant in the exercise of his right to attack his first conviction.' We disagree. In *Blackledge,* the defendant who had appealed his misdemeanor conviction was subsequently indicted for a felony offense for the same transaction. This elevation in the severity of the charge in response to the appeal was condemned by the Supreme Court for its potential in discouraging defendants from the pursuit of their appellate remedies.

"By contrast, in this case there has been no such retaliatory state response to the defense appeal. Here, the indictment against the defendant after appeal was identical to the first indictment against

him. Both indictments contained the statutory habitual count. There was no escalation of the government's charge. The disparity in sentences imposed upon defendant after his first and second trials was the necessary result of his own choice of trial strategy rather than prosecutorial response to his appeal. Unlike *Blackledge,* we are not presented with facts suggesting a likelihood of potential prosecutorial vindictiveness. Quite the contrary appears."

See also *Arechiga v. Texas,* 469 F.2d 646 (5th Cir. 1972); *Williams v. McMann,* 436 F.2d 103 (2d Cir. 1970).

■ We hold, as we did in *Martinez,* supra, and in *Branch,* supra, that the trial court exercised no discretion but was required by statute to impose a life sentence upon appellant's conviction as a habitual criminal. Also, as stated by the 5th Circuit in *Martinez v. Estelle,* supra, the disparity in the sentences was the result of appellant's choice of trial strategy on the instant trial rather than prosecutorial vindictiveness.

The ground of error is overruled.

In his second ground, appellant complains of the introduction in evidence at the punishment stage, over objection, of State's Exhibit No. 9 (hereafter called SX9). He argues that said exhibit did not conform to Art. 3731a, V.A.T.Civ.Stats. as to notice and other requirements, that it was not relevant to any issue, failed to identify sufficiently the appellant, and was hearsay.

■ The indictment alleged for enhancement purposes a prior conviction of appellant in Cause No. 65,179 in the 175th District Court of Bexar County in 1965 for assault with intent to murder and a conviction in Cause No. 58,382 in the Criminal District Court of Bexar County for forgery in 1960.

SX9 consists of certified copies of the indictment, sheriff's returns on subpoenaes, affidavits of witnesses, police reports, waiver of jury, and a written voluntary statement of appellant, all taken from the record in Cause No. 65,179, supra. Each of the

first eighteen documents in this exhibit bears the certification of the district clerk that it is a true and correct copy of the original record in his lawful custody and possession as appears in the records of his office filed November 2, 1965, and the date of the certificates is December 9, 1974, nine days prior to the instant trial. The remaining 28 pages of SX9, being also from the records of the trial of Cause No. 65,179, were stapled together as one unit, and the same certificate of the clerk as just mentioned is on the back of the last page. The certification sufficiently conformed to the requirements of Art. 3731a, V.A.Tex.Civ. Stats. *Speights v. State,* Tex.Cr.App., 499 S.W.2d 119.

■ Although many of these instruments were not relevant, others, such as the indictment, appellant's confession to show date of the offense as it applies to enhancement, etc., were, and appellant's objection was addressed to the exhibit as a whole and not to individual documents. A general objection to evidence, part of which is admissible, does not preserve error. See *Ellard v. State,* Tex.Cr.App., 509 S.W.2d 622; *Morrison v. State,* Tex.Cr.App., 508 S.W.2d 827. The hearing was before the court, and it will be assumed that the court did not consider evidence improperly in the record.

■ In addition to SX9, the State placed in evidence SX10 and SX11. SX10 consisted of known fingerprints of appellant taken in court. SX11 consisted of the penitentiary packets of the convictions in the cases alleged in the indictment for enhancement, being Causes 65,179 and 58,382, supra. This exhibit included the judgment and sentence in each case, and fingerprints of defendant in each case. Each bore the required certificates of the Record Clerk of the Texas Department of Corrections, and of the county judge and county clerk of Walker County. A fingerprint expert compared the known prints of appellant with the prints in each packet, and identified appellant as being the defendant convicted in each case. This sufficiently complied with the requirements of identification. *Jones v. State,* Tex.Cr.App., 500 S.W.2d 661.

Appellant also claims error because the State failed to deliver to him a copy of SX9 as required by Art. 3731a(3), V.A.T.Civ. Stats. His claim of surprise is without merit. *Hutchinson v. State,* Tex.Cr.App., 481 S.W.2d 881.

The second ground of error is overruled.

Appellant, in his third ground, contends that the evidence fails to show that the offense of assault with intent to murder for which appellant was convicted in 1965 in Cause No. 65,179, supra, was committed after the final conviction of appellant for forgery in 1960 in Cause No. 58,382, supra.

■ A certified copy of the indictment in Cause No. 65,179 in the 175th District Court of Bexar County presented in court on September 22, 1965 is included in SX9, supra. It alleges that the offense was committed on or about February 18, 1965. Appellant's voluntary confession, a certified copy of which is in the record, states February 18, 1965, as the date the offense occurred. Other records from that trial included in SX9 reflect the same date. The record reflects that appellant was finally convicted of forgery in Cause No. 58,382, supra, on January 29, 1960, and that he was discharged from the Texas Department of Corrections on June 15, 1963. The evidence satisfies the requirements that the offense for which the defendant was convicted in the second case alleged for enhancement be committed subsequent to the final conviction in the prior case alleged. *McCarter v. State,* Tex.Cr.App., 527 S.W.2d 296.

■ Furthermore, the period within which an indictment could be returned for assault with intent to murder in 1965 was three years. Art. 180, V.A.C.C.P., 1925 Code. (Art. 12.04, revised Code of Criminal Procedure effective January 1, 1966). It is presumed that the offense was committed within three years prior to the return of the indictment on September 22, 1965, or some time after September 22, 1962. *Villareal v. State,* Tex.Cr.App., 468 S.W.2d 837, 839. The first conviction became final on January 29, 1960, the record reflecting that there was no appeal. We conclude, there-

fore, that the offense of assault to murder for which appellant was convicted in Cause No. 65,197 was committed after the conviction in the prior Cause No. 58,382, supra, became final. *Villareal,* supra.

The third ground of error is overruled.

In his fourth ground, appellant argues that the court erred in overruling his motion for a continuance.

The sworn motion alleged that "it will require time for the defendant to properly check the records in this cause to determine whether or not the indictment is proper in form and in substance" concerning the enhancement allegations. It ends with the prayer that a continuance of one week be granted to allow "defendant and his attorney an opportunity to study the state's file" delivered to them on that day "and the record of defendant in order to properly prepare and defend in this cause."

The record reflects that counsel for appellant who signed the motion with appellant was notified of his appointment on October 23, 1974, over six weeks before the trial. The motion for continuance alleged only equitable rather than statutory grounds, and the action of the court thereon was within its sound discretion. *Hernandez v. State,* Tex.Cr.App., 492 S.W.2d 466. No abuse of discretion appears.

Additionally, appellant's motion for new trial alleged merely that "the verdict is contrary to the law and the evidence" and made no complaint of the alleged error in overruling the motion for continuance. Error is not presented. *Lapp v. State,* Tex.Cr. App., 519 S.W.2d 443; *Fields v. State,* Tex. Cr.App., 495 S.W.2d 926.

The judgment is affirmed.

Opinion approved by the Court.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

ODOM, Judge.

By motion for rehearing appellant urges for reconsideration his contention that his punishment assessed at life imprisonment under Article 63, V.A.P.C., is in violation of the principles of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656.

The opinion in *North Carolina v. Pearce,* supra, commences:

"When at the behest of the defendant a criminal conviction has been set aside and a new trial ordered, to what extent does the Constitution limit the imposition of a harsher sentence after conviction upon retrial?" 395 U.S., at 713, 89 S.Ct., at 2074.

The court rejected two arguments urging an absolute bar to increased punishment:

"We hold, therefore, that neither the double jeopardy provision nor the Equal Protection Clause imposes an absolute bar to a more severe sentence upon reconviction." 395 U.S., at 723, 89 S.Ct., at 2079.

The Due Process Clause of the Fourteenth Amendment, however, was held to place limitations upon the imposition of a more severe sentence upon retrial:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased

sentence may be fully reviewed on appeal." 395 U.S., at 725–726, 89 S.Ct., at 2080.

■■■ The narrow holding of *North Carolina v. Pearce,* then, is that the procedure stated in the last above-quoted paragraph must be followed whenever a judge imposes a more severe sentence upon a defendant after a new trial. As such, the mandated procedure addresses only those cases where the judge imposes a greater punishment. The principles that are the foundation of the holding in *North Carolina v. Pearce,* and that state the interests that the mandated procedure was fashioned to protect, however, are those stated in the second-to-last above-quoted paragraph, to-wit, (1) "that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial," and, more narrowly, (2) "that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge."

The facts of the instant case were set out in our opinion on original submission as follows:

"This was the second trial of appellant for this offense. The indictment on which he was first tried charged him with this same unlawful possession of heroin, and also charged that he had been twice convicted of felony offenses less than capital for enhancement purposes. The record reflects that when the case was called for trial on October 10, 1973, the State 'waived and abandoned 2nd and 3rd paragraphs of indictment (Habitual enhancement of punishment) and agreed to proceed to trial on 1st paragraph.' On a plea of guilty before the court, appellant, after evidence, was convicted and punishment was assessed at ten years. On appeal, the judgment was reversed and the cause was remanded for failure of the trial court to properly admonish appellant. See *Alvarez v. State,* 511 S.W.2d 521.

"After remand, a new indictment was presented again charging appellant with possession of heroin, and containing the same provisions of prior felony convictions for enhancement purposes. When the case was called for trial on December 11, 1974, appellant changed his former plea to one of not guilty, and chose to be tried by jury. Thereupon, the court, on the State's motion, dismissed the prior case, and the trial proceeded before a jury on the instant indictment which included the enhancement allegations. Appellant filed his request that in the event of a guilty verdict punishment be assessed by the court. After conviction, the court conducted the punishment hearing, and assessed punishment at life in accordance with Article 63, V.A.P.C."

Under the indictment upon which appellant was tried, upon proof of the enhancement allegations under Article 63, V.A.P.C., the punishment was fixed by law at life imprisonment. *Blackwell v. State,* Tex.Cr. App., 510 S.W.2d 952, 955; *Haro v. State,* 132 Tex.Cr.R. 507, 105 S.W.2d 1093, 1095. The judge in this case had the authority to find the facts alleged for enhancement to be true or not, but having found the facts true, the court was without power to enter in the judgment or pronounce in the sentence any punishment other than that fixed by law. The penalty being fixed by law, the increase may not be attributed to possible vindictiveness of the judge. Stated another way, the reason that the judge imposed a more severe sentence upon appellant's retrial does affirmatively appear in the record: the statutes of Texas dictated the life sentence upon proof of the enhancement allegations; the judge had no discretion in the matter of punishment. We therefore find that the procedural mandate of *North Carolina v. Pearce* has not been violated.

■■■ Our finding that the trial judge did not violate the procedural mandate of *North Carolina v. Pearce,* however, does not close the matter. That procedural mandate was fashioned by the Supreme Court to guard against violation of the fundamental requirement that "vindictiveness against a defendant for having successfully attacked his first conviction *must play no part in the*

*sentence he receives after a new trial,"* (emphasis added). If the State may not be vindictive against such a defendant through the action of the trial judge imposing a more severe sentence, we do not see how the State could be permitted to secure a greater punishment for vindictive purposes by simply using enhancement allegations in the pleading. Vindictiveness is the evil object of *North Carolina v. Pearce,* and it is equally impermissible whether flowing from a judge or from a prosecutor. If shown, prosecutorial vindictiveness would be as fatal to increased punishment on retrial as would be judicial vindictiveness.

 Although *North Carolina v. Pearce* placed a duty upon the trial judge to make the record affirmatively demonstrate grounds other than vindictiveness when a judge imposes a more severe sentence upon a defendant after a new trial, it mandated no such duty regarding possible prosecutorial vindictiveness. We decline to place such a duty upon the trial judge where the record demonstrates facts such as appear in this case. Although the record does not show whether the first conviction rested upon a negotiated plea,[1] it does show that appellant entered a plea of guilty and the State abandoned the enhancement allegations of the first indictment. On the second trial appellant elected to plead not guilty and be tried by a jury, and the State prosecuted its case on a new indictment containing the enhancement allegations that had been abandoned at the first trial. We perceive no reason why an accused who changes his plea from guilty to not guilty on retrial should be able at the same time to hold the State to the punishment sought or secured at the first trial.

Absent a showing of circumstances that would indicate prosecutorial vindictiveness, such as an improper refusal to continue to honor a plea bargain previously made, we are of the opinion that no violation of the principles of *North Carolina v. Pearce* has been shown. The increased punishment in this case, considered together with the ap-

pellant's change of his plea, we hold does not constitute a showing of such circumstances. We remain convinced that the disparity between the ten year sentence on appellant's first trial and the life sentence on appellant's second trial has not been shown to be anything other than a consequence of trial strategy, as opposed to prosecutorial vindictiveness.

The motion for rehearing is denied.

ONION, P. J., concurs in the results.

---

1. See *Cruz v. State,* Tex.Cr.App., 530 S.W.2d 817, and *Gibson v. State,* Tex.Cr.App., 532 S.W.2d 69, for the suggested practice of placing the results of plea negotiations in the record.