Edwin MOORE, Petitioner-Appellant,

v.

Charles FOTI, Criminal Sheriff for the
Parish of Orleans, State of Louisiana,
Respondent-Appellee.

No. 76–2491

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Jan. 26, 1977.

Harold Douglas, New Orleans, La., for
petitioner-appellant.

Harry Connick, Dist. Atty., William L.
Brockman, Asst. Dist. Atty., New Orleans,
La., for respondent-appellee.

Before BROWN, Chief Judge, and GEW-
IN and MORGAN, Circuit Judges.

PER CURIAM:

Appellant, a prisoner in Orleans Parish,
Louisiana, seeks relief from further prose-
cution for first degree murder on the
ground that he has previously been put in
jeopardy for the same offense. Appellant
and two others, all juveniles at the time of
the crime, were indicted for first degree
murder, punishable by death. Pursuant to
a plea bargain reached by appellant and the
prosecutor, the state district court accepted
a guilty plea to second degree murder and
imposed a sentence of life imprisonment.
When appellant later challenged his sen-
tence, the Louisiana Supreme Court held
that "the district court did not have juris-
diction to accept a plea of guilty and impose
a sentence on a fifteen year old for second
degree murder" and remanded. State *ex
rel. Moore v. Warden,* 308 So.2d 749, 752
(La.1975). On remand the state reinstitut-
ed first degree murder proceedings. After
unsuccessfully seeking writs of habeas cor-
pus from the state supreme court, appellant
sought habeas relief in federal district
court.

The district court denied relief on
the grounds that appellant previously had
not been placed in jeopardy and that his

compelled to endue [endure?] involuntary servi-
tude."

* Rule 18, 5th Cir., see *Isbell Enterprises, Inc. v.
Citizens Casualty Co. of New York et al.,* 5th
Cir., 1970, 431 F.2d 409, Part I.

successful challenge to his sentence reinstated the government's right to prosecute on the greater offense. The district court was correct. Since the state court did not have jurisdiction to accept the plea and impose sentence, appellant has not been placed in jeopardy. *Serfass v. United States,* 420 U.S. 377, 391, 95 S.Ct. 1055, 1064, 43 L.Ed.2d 265, 276 (1975); *Kepner v. United States,* 195 U.S. 100, 133, 24 S.Ct. 797, 49 L.Ed. 114, 126 (1904); *Ball v. United States,* 163 U.S. 662, 669, 16 S.Ct. 1192, 1194, 41 L.Ed. 300, 302 (1896). Moreover, appellant's successful challenge to his plea-bargained sentence is a tacit repudiation of the bargain, allowing the government to prosecute him on the greater charge. *Martinez v. Estelle,* 527 F.2d 1330, 1331–32 (5th Cir. 1976); *Arechiga v. Texas,* 469 F.2d 646, 647 (5th Cir. 1972); *Harrington v. United States,* 444 F.2d 1190, 1194 (5th Cir. 1971).

The instant appeal involves only the narrow double jeopardy question of the legality of further prosecution, not the question of the legality of sentence if appellant is found guilty in such prosecution.

JUDGMENT AFFIRMED.