IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN



 




NO. 3-93-059-CR




PERRY RAY CRAWFORD,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE COUNTY COURT AT LAW NO. 2 OF BELL COUNTY



NO. 2C92-2050, HONORABLE JOHN BARINA, JUDGE PRESIDING


 





PER CURIAM

 The county court at law found appellant guilty of assault. Tex. Penal Code Ann.
§ 22.01 (West 1989 & Supp. 1993). The court assessed punishment at incarceration for 270 days
and a $1000 fine, but suspended imposition of sentence and placed appellant on probation for two
years.

 On the night of April 24, 1992, appellant and his wife, Patricia Morrow, argued
over appellant's discipline of "the boys." (1) Appellant slapped Morrow several times. Morrow
responded by striking appellant on the head with a plate. Appellant began to slap Morrow with
greater force. Morrow's daughter attempted to come to her aid, but was pushed away by
appellant. Morrow picked up a steak knife but appellant pulled it from her hand, cutting two of
her fingers. Appellant then forced Morrow into the bedroom and onto the bed, where he began
to beat her with his fists. Neighbors summoned by Morrow's daughter succeeded in pulling
appellant away from Morrow. Morrow sustained black eyes, a cracked nose, and numerous
bruises in the assault.

 Appellant testified that he had returned home at the request of Morrow's daughter. 
When he entered the house, Morrow attacked him with the knife, cutting his ear. Appellant
admitted hitting Morrow, but asserted that he did so solely in self-defense. Michael Ferrell, one
of the neighbors summoned by Morrow's daughter, testified that appellant did not have any visible
injuries. Police officer Fred Salcido testified that appellant did not appear to be injured when he
was booked into jail following his arrest. 

 In points of error one and two, appellant contends his motion for new trial should
have been granted because he was put to trial without the benefit of available material witnesses
and because his trial counsel failed to obtain a continuance to obtain these witnesses. Although
he never uses the term, the essence of appellant's argument under these points of error is that he
was afforded ineffective assistance of counsel at trial. See Reyes v. State, 849 S.W.2d 812 (Tex.
Crim. App. 1993). 

 The contentions appellant makes in his brief were not contained in his motion for
new trial. The only ground for new trial contained in the motion was that "[t]he result of this case
is contrary to the law and evidence." See Tex. R. App. P. 30(b)(9). This allegation cannot be
fairly read as complaining of ineffectiveness of counsel, denial of witnesses, or denial of a
continuance. See Alvarez v. State, 536 S.W.2d 357, 362 (Tex. Crim. App. 1976). At a hearing
on motion for new trial, the defendant may offer evidence only on those grounds for new trial that
are alleged in the motion. Trout v. State, 702 S.W.2d 618 (Tex. Crim. App. 1985). Moreover,
if the defendant wishes to attack the verdict by proof of a matter not otherwise reflected in the
record, the motion for new trial must be supported by his own affidavit or the affidavit of
someone else in a position to know the facts. McIntire v. State, 698 S.W.2d 652, 658 (Tex.
Crim. App. 1985); Beardon v. State, 648 S.W.2d 688, 690 (Tex. Crim. App. 1983); Hicks v.
State, 171 S.W. 755 (Tex. Crim. App. 1914). Appellant's motion for new trial was not supported
by affidavits from appellant, trial counsel, the uncalled witnesses, or anyone knowing what the
witnesses would have said or the reasons for their failure to appear. Under the circumstances,
appellant's ineffective assistance of counsel claim and the related contentions were not properly
before the trial court at the new trial hearing. 

 Even if appellant's failure to properly present the issue below is ignored, the court
did not err in overruling the motion for new trial. The only testimony adduced at the hearing was
that of appellant. He testified that there were two witnesses who could have verified portions of
his trial testimony. One of these witnesses, a Mr. Floyd, could have testified that appellant was
with him before the incident and that appellant had been asked to come home by Morrow's
daughter. The other missing witness was the police officer who arrested appellant, who could
have testified to appellant's physical condition after the fight with his wife. According to
appellant, his attorney told him before trial that it was not necessary to call witnesses because the
case was going to be dismissed. After trial began, the lawyer told appellant that it was too late
to call witnesses. Neither Floyd, the arresting officer, nor appellant's trial counsel testified at the
new trial hearing.

 Assuming that appellant's testimony at the hearing was entirely true, the court did
not abuse its discretion by deciding that ineffective assistance of counsel was not shown. In order
to prevail on such a claim, the convicted defendant must show that his attorney's representation
was unreasonable under prevailing professional norms and that a reasonable probability exists that,
but for counsel's unprofessional errors, the result of the trial would have been different. 
Strickland v. Washington, 466 U.S. 668 (1984); Hernandez v. State, 726 S.W.2d 53, 55 (Tex.
Crim. App. 1986). In determining whether to grant a motion for new trial, the court may
consider the trial record. Reyes, 849 S.W.2d at 815-16; Key v. State, 192 S.W.2d 563, 565 (Tex.
Crim. App. 1946). At trial, Morrow's daughter acknowledged during cross-examination by
defense counsel that she had asked appellant to come home on the night in question. The trial
court could reasonably conclude, as we do, that testimony by Floyd to the same effect would have
had no impact on the outcome of the trial. Similarly, there is no reasonable probability that
testimony by the arresting police officer that appellant had been injured would have affected the
result of the trial, since it was undisputed that Morrow struck appellant's head with a plate and
attempted to defend herself with a knife. 

 The trial court has not been shown to have abused its discretion in overruling
appellant's motion for new trial. Points of error one and two are overruled.

 Appellant's remaining point of error challenges one of the conditions of probation
imposed by the court. The condition in question, number seventeen, states that "[t]here will be
no early release for this probationer." Appellant argues that this condition is contrary to the terms
of article 42.12, section 23 of the Code of Criminal Procedure, which provides that the period of
probation may be reduced or terminated by the court after the defendant satisfactorily completes
one-third of the original probationary term. Tex. Code Crim. Proc. Ann. art. 42.12, § 23 (West
Supp. 1993). Appellant urges that it was unreasonable for the trial court to condition probation
on appellant giving up his right to seek early termination. Appellant relies on Tamez v. State, 534
S.W.2d 686 (Tex. Crim. App. 1976), in which it was held that a condition of probation requiring
the probationer to submit to a search of his person, residence, or vehicle at any time, with or
without warrant, by any law enforcement officer, unnecessarily infringed on the probationer's
constitutional rights and was unreasonable in light of the purposes of the adult probation law.

 The challenged condition of probation is nothing more than a statement of the trial
court's present intention not to exercise its discretion under section 23. The court may modify
the conditions of probation at any time. Tex. Code Crim. Proc. Ann. art. 42.12, § 11(a) (West
Supp. 1993). Thus, the trial court retains the authority to delete condition seventeen, on its own
or appellant's motion, and to exercise its discretion to reduce or terminate appellant's probationary
term. We conclude, therefore, that appellant's right to seek early termination of probation has
not been infringed. Point of error three is overruled.

 The judgment of conviction is affirmed.


[Before Justices Powers, Kidd and B. A. Smith]

Affirmed

Filed: August 25, 1993

[Do Not Publish]
1. The evidence reflects that Morrow and appellant each had two children by prior marriages.