**John Elson BOUIE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 54711.**

Court of Criminal Appeals of Texas, En Banc.

May 17, 1978.

---

Jesse R. Funchess, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis M. Bell and Terry G. Wilson, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for robbery by assault. Art. 1408, V.A.P.C. Punishment was enhanced on allegations and proof of two prior convictions. See Art. 63, V.A.P.C. and V.T.C.A., Penal Code Sec. 12.42(d).

Appellant first contends the trial court erred in allowing him to be retried as an habitual criminal after his first conviction,

in which he received ten years, was reversed. On appellant's first conviction for this crime he pleaded guilty and received a ten year sentence. That conviction was reversed on appeal. *Bouie v. State,* 528 S.W.2d 587. Subsequently he was reindicted for this same crime, and the new indictment alleged two prior convictions for enhancement. Appellant again entered a plea of guilty to the offense, but pleaded not true to the enhancement allegations. His motion to dismiss the enhancement allegations was denied, and on finding the allegations true the court fixed his punishment at life.

Appellant relies on *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, in which the court wrote:

"Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

"In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal."

In *Alvarez v. State,* 536 S.W.2d 357, 364, cert. denied 429 U.S. 924, 97 S.Ct. 325, 50 L.Ed.2d 292, this Court wrote:

"Vindictiveness is the evil object of *North Carolina v. Pearce,* and it is equally impermissible whether flowing from a judge or from a prosecutor."

See also *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628. In *Alvarez,* supra, we also stated that where the penalty is fixed by law, as it was here, the increase may not be attributed to possible vindictiveness on the part of the judge. The focus of this issue, therefore, as in *Alvarez,* must turn to the prosecutor's acts.

In *Alvarez* the controlling facts were these:

"Although the record does not show whether the first conviction rested upon a negotiated plea, it does show that appellant entered a plea of guilty and the State abandoned the enhancement allegations of the first indictment. On the second trial appellant elected to plead not guilty and be tried by a jury, and the State prosecuted its case on a new indictment containing the enhancement allegations that had been abandoned at the first trial. We perceive no reason why an accused who changes his plea from guilty to not guilty on retrial should be able at the same time to hold the State to the punishment sought or secured at the first trial."

The facts in this case are entirely different from those presented in *Alvarez.* Here appellant entered pleas of guilty to the primary offense under both the first indictment and the second indictment. Also, the second indictment here alleged two prior convictions, whereas the first alleged one, and it was dismissed on the state's motion.

In cases such as this one and *Alvarez,* where a conviction on a guilty plea is reversed on appeal and the State adds enhancement allegations on retrial, the constitutionality of the increased punishment so obtained turns on whether the prosecutor's acts may have been the product of vindictive retaliation for the prior exercise of the accused's right to appeal. In *Alvarez* we found no such indication of prosecutorial vindictiveness:

"Absent a showing of circumstances that would indicate prosecutorial vindictiveness, such as improper refusal to con-

tinue to honor a plea bargain previously made, we are of the opinion that no violation of the principles of *North Carolina v. Pearce* has been shown. . . . We remain convinced that the disparity between the ten year sentence on appellant's first trial and the life sentence on appellant's second trial *has not been shown to be anything other than a consequence of trial strategy, as opposed to prosecutorial vindictiveness."* (Emphasis added.)

Prosecutorial vindictiveness is retaliation and distinguishable from trial strategy that is a matter of the defendant's free choice with full knowledge of the consequences. This is precisely the distinction relied on by the United States Supreme Court in its recent decision in *Bordenkircher v. Hayes,* —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). The court there said:

"[I]n the 'give and take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer.

\* \* \* \*, \* \*

"While confronting a defendant with the risk of more severe punishment clearly may have a 'discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable'—and permissible— 'attribute of any legitimate system which tolerates and encourages the negotiation of pleas.' *Chaffin v. Stynchcombe,* 412 U.S. 17, at 31 [93 S.Ct. 1977, 36 L.Ed.2d 714]. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has necessarily accepted as constitutionally legitimate the simple reality that the' prosecutor's interest at the bargaining table is to persuade the defendant to forego his right to plead not guilty."

If the prosecutor may increase the sought for punishment from five years to life because the defendant refuses to plead guilty at the first trial, as the court held permissible in *Bordenkircher v. Hayes,* supra, he certainly can do the same when the defend-

ant changes his plea from guilty to not guilty at the second trial, as was done in *Alvarez v. State,* supra, so long as the defendant is presented with and aware of the alternatives when he makes his choice, as was expressed in both *Hayes* and *Alvarez.*

It was also stated in *Bordenkircher v. Hayes,* supra:

"The Court has emphasized that the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, see *Colten v. Kentucky,* 407 U.S. 104 [92 S.Ct. 1953, 32 L.Ed.2d 584]; *Chaffin v. Stynchcombe,* 412 U.S. 17 [93 S.Ct. 1977, 36 L.Ed.2d 714], but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction. See *Blackledge v. Perry,* supra, 417 U.S., at 26–28 [94 S.Ct. 2098, 40 L.Ed.2d 628]."

 If a defendant withdraws on retrial from a plea bargain obtained at the first trial, an increased punishment would be a legitimate response of the State to the defendant's rejection of that agreement. This is based on the teaching of *Bordenkircher v. Hayes,* supra. On the other hand, if the defendant enters the same plea on retrial as on the first trial, the use of the enhancement statute cannot be said to be the legitimate response approved in *Bordenkircher v. Hayes.* The possibility of prosecutorial vindictiveness in retaliation for the exercise of the right to appeal again arises, and the burden shifts, as in this case, to the State to show "objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce,* supra. The record before us is devoid of any such objective information. At the hearing on the motion for new trial the prosecutor testified to the contrary:

"Q. So I take it then that your testimony is that you had no information available to you nor did you seek out any information, objective information, concerning the conduct on the part of the Defendant which might have occurred af-

ter the time of your original sentencing in the original case—

"THE COURT: —To justify the increase in punishment?

"Q. Yes, sir.

"A. No, sir, I did not study his conduct in between the time that he entered the plea of guilty and the time of the re-trial.

"Q. And, of course, his conduct during that period of time was not the basis on which the re-indictment was sought?

"A. The re-indictment sir was sought—

"Q. —Excuse me sir, my question is, whether or not his conduct during this period of time, which you didn't even check into, was the basis of the re-indictment being sought?

"A. No, sir, it was not."

■ In view of the absence of objective information about identifiable conduct by appellant occurring after the first trial, and in view of the prosecutor's admission that no such conduct was the basis for enhancing appellant's punishment, we hold that due process was violated by use of the enhancement paragraphs of the indictment, and that the trial court erred in denying appellant's motion to dismiss the enhancement paragraphs. Accordingly, we will set aside the punishment, and remand the cause with orders that the enhancement allegations be dismissed and that the court assess punishment within the principles of *North Carolina v. Pearce,* supra.

In his second ground of error appellant challenges the indictment as fundamentally defective for failure to allege an element of robbery under V.T.C.A., Penal Code Sec. 29.02. This prosecution was brought under Art. 1408, V.A.P.C. (1925), not under the new penal code. The ground of error is without merit.

The third ground of error attacks evidence of the prior convictions used for enhancement. In view of our disposition of the first ground of error, this issue is now moot.

■ By pro se brief appellant complains that the State failed to release him after his first conviction was reversed, and that his retrial after reversal violated double jeopardy. The double jeopardy clause does not limit the State's power to retry a defendant who has secured reversal. *United States v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300; *North Carolina v. Pearce,* supra. We also find appellant's pro se contention that he was denied effective assistance of counsel is without merit.

The judgment of conviction is affirmed, the punishment is set aside, and the cause is remanded for dismissal of the enhancement allegations in the indictment and for assessment of punishment within the principles of *North Carolina v. Pearce,* supra.

VOLLERS, J., not participating.

ONION, Presiding Judge, concurring.

I concur in the results reached by the majority, but cannot agree with much of its reasoning.

Appellant was originally indicted for robbery by assault, alleged to have occurred on or about August 21, 1973, with a prior 1970 felony theft conviction alleged for enhancement. See Article 62, V.A.P.C., 1925. The enhancement paragraph was subsequently abandoned by the State and the appellant plead guilty to the primary offense and his punishment was assessed by the court in a bench trial at ten (10) years' imprisonment. On appeal the robbery indictment was held to be fundamentally defective and the cause was ordered reversed and prosecution dismissed. *Bouie v. State,* 528 S.W.2d 587 (Tex.Cr.App.1975).

On July 31, 1975 appellant was re-indicted for robbery with the same prior conviction alleged for enhancement. However, on December 17, 1975 he was again re-indicted. This time the indictment alleged the robbery was committed with a firearm (Article 1408, V.A.P.C., 1925). In addition to the prior 1970 felony theft conviction, a 1969 felony theft conviction was alleged for enhancement. See Article 63, V.A.P.C., 1925. After a voir dire examination of a jury

panel, the appellant entered a guilty plea before the court to the primary offense, but pleaded "untrue" to the allegations relating to the two prior theft convictions. In a bench trial the court, upon finding the enhancement allegations "true," assessed punishment at life imprisonment.

Appellant cites *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), and argues that in absence of objective information concerning identifiable conduct on his part occurring after the time of the original sentence the court could not increase the punishment assessed over that assessed at original trial without running afoul of the due process clause of the Fourteenth Amendment.

In *Pearce* it was held that neither the guarantee against double jeopardy nor the equal protection clause of the Fourteenth Amendment imposes an absolute bar to a more severe sentence upon reconviction. In considering the impact of the due process clause of the Fourteenth Amendment upon the question, the court wrote:

> "Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right of appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.

> "In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the con-

stitutional legitimacy of the increased sentence may be fully reviewed on appeal."

*Pearce* made clear that absent vindictiveness or the possibility of vindictiveness more severe sentences imposed following reconviction are constitutionally valid. See also *Chaffin v. Stynchcombe*, 412 U.S. 17, 29, 93 S.Ct. 1977, 1984, 36 L.Ed.2d 714 (1973); *Michigan v. Payne*, 412 U.S. 47, 93 S.Ct. 1966, 36 L.Ed.2d 736 (1973); *Colten v. Kentucky*, 407 U.S. 104, 116, 92 S.Ct. 1953, 1960, 32 L.Ed.2d 584 (1972); *United States v. Floyd*, 519 F.2d 1031, 1033 (5th Cir. 1975).

In *Michigan v. Payne*, supra, the "prophylactic" due process limitations established by *Pearce* to guard against the possibility of vindictiveness in cases where a more severe punishment is assessed upon a defendant after a new trial is not to be applied retroactively to resentencing proceedings that occurred prior to the date of the *Pearce* decision. While *Pearce* focused upon the vindictiveness or possible vindictiveness of the trial judge in the resentencing process following a reversal of a prior conviction or the granting of a new trial, *Chaffin v. Stynchcombe*, supra, made clear that although the underlying rationale of *Pearce* was applicable whether punishment was assessed by judge or jury the due process clause of the Fourteenth Amendment is not offended as long as the jury at the subsequent trial is not informed of the punishment originally assessed and the assessment of punishment is not otherwise shown to be a product of vindictiveness. In *Colten v. Kentucky*, supra, it was held that Kentucky procedure for adjudicating less serious criminal cases, whereby a defendant convicted in inferior court could obtain a trial de novo in a court of general jurisdiction, did not deny due process even though a greater penalty could be imposed upon trial de novo, where it did not appear that imposition of a greater penalty would result from judicial vindictiveness.

While *Payne*, *Chaffin* and *Colten* all represent restrictions on the rationale of *Pearce*, *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), was an

extension of that rationale to prosecutorial vindictiveness. While Perry was imprisoned · in a North Carolina penitentiary, he became involved in an altercation with another inmate. He was charged with the misdemeanor offense of assault with a deadly weapon and convicted and given a six months' sentence to be served after completion of the prison term he was then serving. Perry gave notice of appeal which entitled him to a trial de novo in Superior Court. After the filing of the notice of appeal, the prosecutor obtained an indictment for the felony offense of assault with a deadly weapon with intent to kill and inflict serious bodily injury covering the same conduct for which Perry had been tried and convicted in a lower court. He entered a guilty plea to the indictment and was sentenced to seven years in the penitentiary to run concurrently with his current prison term. The case reached the United States Supreme Court by way of federal habeas corpus proceedings and the granting of certiorari. There the Court wrote:

"The lesson that emerges from *Pearce, Colten,* and *Chaffin* is that the Due Process Clause is not offended by all possibilities of increased punishment upon retrial after appeal, but only by those that pose a realistic likelihood of 'vindictiveness.' Unlike the circumstances presented by those cases, however, in the situation here the central figure is not the judge or the jury, but the prosecutor. The question is whether the opportunities for vindictiveness in this situation are such as to impel the conclusion that due process of law requires a rule analogous to that of the *Pearce* case. We conclude that the answer must be in the affirmative.

"A prosecutor clearly has a considerable stake in discouraging convicted misdemeanants from appealing and thus obtaining a trial de novo in the Superior Court, since such an appeal will clearly require increased expenditures of prosecutorial resources before the defendant's conviction becomes final, and may even result in a formerly convicted defendant's going free. And, if the prosecutor has the means readily at hand to discourage such appeals—by 'upping the ante' through a felony indictment whenever a convicted misdemeanant pursues his statutory appellate remedy—the State can insure that only the most hardy defendants will brave the hazards of a de novo trial.

"There is, of course, no evidence that the prosecutor in this case acted in bad faith or maliciously in seeking a felony indictment against Perry. The rationale of our judgment in the *Pearce* case, however, was not grounded upon the proposition that actual retaliatory motivation must inevitably exist. Rather, we emphasized that 'since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.' 395 U.S. 711, at 725, 89 S.Ct. 2072, 23 L.Ed.2d 656. We think it clear that the same considerations apply here. A person convicted of an offense is entitled to pursue his statutory right to a trial de novo, without apprehension that the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. Cf. *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138.

"Due process of law requires that such a potential for vindictiveness must not enter into North Carolina's two-tiered appellate process. We hold, therefore, that it was not constitutionally permissible for the State to respond to Perry's invocation of his statutory right to appeal by bringing a more serious charge against him prior to the trial de novo."

*Branch v. State,* 445 S.W.2d 756 (Tex.Cr. App.1969), relied upon by the State, was originally decided prior to *Pearce.* On rehearing this court decided that *Pearce* was not applicable. Branch was indicted

for felony theft with two prior convictions alleged for enhancement of punishment. See Article 63, V.A.C.C.P., 1925. At the first trial, the State failed to prove one of two prior convictions alleged and Branch's punishment was assessed at ten years as a second offender. See Article 62, V.A.C.C.P., 1925. He was granted a new trial. At the second trial he was assessed a life sentence following the jury's verdict. Another new trial was granted, and at the third trial appellant was found guilty by the jury of the primary offense, who also found he was the same person twice previously convicted as alleged. The court in accordance with Article 63, supra, assessed punishment at life, there being no discretion on the judge's part. The court found that *Pearce's* prohibition against increased sentences on retrial which are the product of the sentencing judge's motives or vindictiveness was not applicable. There was no focus upon any vindictiveness on the part of the prosecutor. To the same effect is *Martinez v. State,* 471 S.W.2d 399 (Tex.Cr.App. 1971). These cases were, of course, decided prior to *Perry,* but Martinez's later claim that there was prosecutorial vindictiveness was rejected. See *Martinez v. Estelle,* 527 F.2d 1330 (5th Cir. 1976). In *Alvarez v. State,* 536 S.W.2d 357 (Tex.Cr.App.1976), this court on original submission relied upon *Branch* and *Martinez* in disposing of Alvarez's contention that the rationale of *Pearce* was violated. On rehearing the court discussed the possibility of prosecutorial vindictiveness, but rejected the same.

In the instant case the prosecutor had to seek a new indictment for robbery if he intended to prosecute the appellant since the first indictment was held to be fundamentally defective. He later sought and obtained a third indictment, this time for robbery by assault with a firearm, rather

than the original charge of robbery by assault. Though a difference in penalty exists between the offenses, Article 1408, V.A.P.C., 1925,[1] the difference was largely neutralized by the decision in *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). However, the prosecutor did not stop with changes in the offense charged in the primary court, but alleged two prior convictions for enhancement whereas only one had been alleged in the first and second indictments. The indictments were not identical, and it appears clear that there was an escalation of the charges which, if proven, would require an automatic life sentence to be imposed and which, if not used, would give the prosecutor greater leverage in any plea bargain. Thus, like *Perry,* we are presented with facts suggesting a likelihood of potential prosecutorial vindictiveness. A person convicted of an offense is entitled to pursue his right of appeal without apprehension that the prosecution will retaliate by substituting a more serious charge for the original one thus subjecting him to a significantly increased potential period of incarceration.

The life sentence must be set aside and the cause remanded with instructions that the allegations of the prior convictions for the purpose of enhancement be dismissed from the indictment and that the court assess punishment for the primary offense in accordance with *Blackledge v. Perry,* supra, and *North Carolina v. Pearce,* supra. We need not go further in reaching the proper result in this case. However, the majority lunges ahead, apparently in defense of the opinion on rehearing in *Alvarez,*[2] cited by the State.

Alvarez was originally indicted for possession of heroin with two prior convictions alleged for enhancement. See Article 63, supra. The allegations as to the prior con-

1. Article 1408, V.A.P.C., 1925, reads:
 "If any person by assault, or violence, or by putting in fear of life or bodily injury, shall fraudulently take from the person or possession of another any property with intent to appropriate the same to his own use, he shall be punished by confinement in the penitentiary for life, or for a term of not less

than five years; and when a firearm or other deadly weapon is used or exhibited in the commission of the offense, the punishment shall be death or by confinement in the penitentiary for any term not less than five years."

2. This writer concurred only in the result reached in such opinion.

victions were dismissed and appellant plead guilty before the court to the primary count and was assessed punishment of ten years. His conviction was subsequently reversed. He was then re-indicted with the same two prior convictions being alleged again for enhancement. He then plead not guilty and chose to be tried by a jury. He was convicted and a life sentence was imposed in accordance with said Article 63. On original submission of his second appeal, Alvarez claimed a violation of *North Carolina v. Pearce,* supra, and *Blackledge v. Perry,* supra. The court held that the trial court exercised no discretion but imposed a life sentence as an habitual criminal as required by law, and that the disparity in the punishment imposed at the two trials was the result of appellant's choice of trial strategy. On rehearing the court held that a defendant who changes his plea of guilty to a plea of not guilty upon a new trial may not, at the same time, hold the State to the punishment sought or secured at the first trial. The instant case is distinguishable from *Alvarez* on the facts. The appellant entered guilty pleas both times and the trial was before the judge in each instance. However, insofar as *Alvarez* holds that where there is potential prosecutorial vindictiveness the case may turn upon whether the plea was different at the two trials and whether trial strategy was involved, it should be overruled. A defendant should not lose the due process protection afforded by *Pearce* and *Perry* merely because at his second or subsequent trial he changes his plea or his trial strategy.

In considering the question of potential prosecutorial vindictiveness in *Alvarez* (on rehearing), the court concluded that the disparity between the punishments assessed at the first and second trials was the result of trial strategy. The court noted that Alvarez had at his first trial entered a guilty plea before the court and then wrote:

> ". . . On the second trial appellant elected to plead not guilty and be tried by a jury, and the State prosecuted its case on a new indictment containing the enhancement allegations that had been abandoned at the first trial. *We*

*perceive no reason why an accused who changes his plea from guilty to not guilty on retrial should be able at the same time to hold the State to the punishment sought or secured at the first trial."* (Emphasis added.)

It is observed that the above quoted portion of *Alvarez* is quoted with approval in the instant majority opinion. I dissent to a reiteration of the holding in *Alvarez* (on rehearing) that a change of his plea at the second trial will deprive a defendant of his due process protection given him by *North Carolina v. Pearce,* supra, and *Blackledge v. Perry,* supra. If a defendant enters a guilty plea before the court the first time and after reversal on appeal enters a plea of not guilty and asks for a jury, are we really prepared to say that this is forbidden trial strategy which if engaged in causes the loss of the due process protection afforded? Suppose between the time of the first and second trials the procedural law has been changed by legislative action or the federal or state court decision making process has rendered certain procedures more favorable to the defendant, suppose that new evidence has been discovered relevant to the defendant's innocence, or the defendant has different counsel who feels the earlier guilty plea was a mistake under the circumstances now or then prevailing? Must such a defendant forego entering a not guilty plea after successfully attacking the first conviction and further forego a jury trial in order to preserve the due process protection afforded by *North Carolina v. Pearce,* supra, and *Blackledge v. Perry,* supra? I do not conclude that the rationale of *Pearce* was every intended to cause a defendant's hands to be tied behind his back or that he was to be deprived of the other matters of plain fairness at the second trial to atone for having invoked *Pearce.*

To support its reliance upon *Alvarez* that the disparity between the punishment at the first and second trials was not shown to be other than a consequence of trial strategy as opposed to prosecutorial vindictiveness, the majority states, "[P]rosecutorial vindictiveness is retaliation and distinguish-

able from trial strategy that is a matter of the defendant's free choice with full knowledge of the consequences." The majority then states that this "is precisely the distinction relied upon the United States Supreme Court in its recent decision in *Bordenkircher v. Hayes,* —— U.S. ——, 98 S.Ct. 663, 54 L.Ed.2d 604, 22 Cr.L. 3023 (January 18, 1978)." Such reliance is totally misplaced.

The Court in *Hayes* stated:

"The question in this case is whether the Due Process Clause of the Fourteenth Amendment is violated when a state prosecutor carries out a threat made during plea negotiations to reindict the accused on more serious charges if he does not plead guilty to the offense with which he was originally charged."

The Court later stated:

"It may be helpful to clarify at the outset the nature of the issue in this case. While the prosecutor did not actually obtain the recidivist indictment until after the plea conferences had ended, his intention to do so was clearly put forth at the outset of the plea negotiations. Hayes was thus fully informed of the true terms of the offer when he made his decision to plead not guilty. This is not a situation, therefore, where the prosecutor without notice brought an additional and more serious charge after plea negotiations relating only to the original indictment had ended with the defendant's insistence on pleading not guilty. . . ."

In *Hayes* the Court further wrote:

"This Court held in *North Carolina v. Pearce,* 395 U.S. 711, 725, 89 S.Ct. 2072, 23 L.Ed.2d 656, that the Due Process Clause of the Fourteenth Amendment 'requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial.' The same principle was later applied to prohibit a prosecutor from reindicting a convicted misdemeanant on a felony charge after the defendant had invoked an appellate remedy, since in this situation there was also a 'realistic likelihood

of "vindictiveness." ' *Blackledge v. Perry,* supra, 417 U.S., at 27, 94 S.Ct. 2098, 40 L.Ed.2d 628.

"In those cases the Court was dealing with the State's unilateral imposition of a penalty upon a defendant who had chosen to exercise a legal right to attack his original conviction—a situation *'very different from the give-and-take negotiation common in plea bargaining* between the prosecution and the defense, which arguably possess relatively equal bargaining power.' *Parker v. North Carolina,* 397 U.S. 790, 809, 90 S.Ct. 1458, 25 L.Ed.2d 785 (opinion of Brennan, J.). The Court has emphasized that the due process violation in cases such as *Pearce* and *Perry* lay not in the possibility that a defendant might be deterred from the exercise of a legal right, see *Colten v. Kentucky,* 407 U.S. 104, 92 S.Ct. 1953, 32 L.Ed.2d 584; *Chaffin v. Stynchcombe,* 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714, but rather in the danger that the State might be retaliating against the accused for lawfully attacking his conviction. See *Blackledge v. Perry,* supra, 417 U.S., at 26–28, [94 S.Ct. 2098, 40 L.Ed.2d 628].

"*To punish a person because he had done what the law plainly allows him to do is a due process violation of the most basic sort,* see *North Carolina v. Pearce,* supra, 395 U.S., at 738, 89 S.Ct. 2072, 23 L.Ed.2d 656 (opinion of Black, J.), *and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is* 'patently unconstitutional.' *Chaffin v. Stynchcombe,* supra, 412 U.S., at 32–33, n. 20, 93 S.Ct. 1977, 36 L.Ed.2d 714. See *United States v. Jackson,* 390 U.S. 570, 88 S.Ct. 1209, 20 L.Ed.2d 138. *But in the 'give-and-take' of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer."* (Emphasis added.)

Thus, it is clear that *Hayes* does not support *Alvarez* (on rehearing) as claimed by the majority.

The majority states, "If a defendant withdraws on retrial from a plea bargain obtained at the first trial, an increased punishment would be a legitimate response of the State to the defendant's rejection of that agreement. This is based on the teaching of *Bordenkircher v. Hayes, supra.*" This is clearly wrong, and represents a misinterpretation of *Hayes.* The *Hayes* case involved an attempt at a plea bargain which failed and where the prosecutor carried out his threat made during the plea negotiations to bring more serious charges if a bargain was not reached. In the instant case there was a completed plea bargain at the first trial, but the appellant did what he had a legal right to do, that is, to appeal, which appeal resulted in a reversal. After the reversal, the prosecutor then elevated the charges. *Hayes* is a far cry from this situation and does not teach as the majority indicates that the appellant loses his due process rights if he withdraws at the second trial from the original plea bargain after he exercised a right he was legally entitled to exercise.

While I concur in the result reached, I do not agree with much of the majority's reasoning.

I must also express my concern that the majority opinion has failed to mention the "unassigned ground of error" upon which two judges would reverse the cause. These judges point out that the trial judge did not admonish the appellant in accordance with Article 26.13, V.A.C.C.P., as amended 1975 (in effect at the time of appellant's trial) that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

An examination of the record does show that the court did not mention such fact in its admonishment of the appellant. However, immediately prior to the admonishment the defense counsel inquired about a waiver of the enhancement paragraphs of the indictment. The prosecutor in the presence of the court, the appellant and his counsel refused to waive such enhancement allegations, and stated that the State intended to prosecute the appellant as an "habitual criminal" and made clear that there would be no plea bargain.

To reverse a case for the failure of the trial court to admonish a defendant that any recommendation of the prosecuting attorney as to punishment is not binding on the court when there in fact has been no plea bargain and the defendant and his counsel have been informed the State intends to seek the maximum punishment would be to reach an absurdity. My very strong views on Article 26.13, supra, and its forerunners have been expressed in many opinions of this court, but I do not believe that the Legislature ever intended any such nonsense such as a reversal would be under the circumstances here involved. To the extent that *Murray v. State,* 561 S.W.2d 821 (Tex.Cr.App.1977), is in conflict, it should be overruled.

I concur.

TOM G. DAVIS, and DALLY, JJ., join in this concurrence.

ROBERTS, Judge, dissenting.

I cannot agree that the majority has correctly decided this cause. The majority has ignored an issue that should be addressed and which controls the disposition of this cause.

This is an appeal from a conviction for robbery by firearms,[1] enhanced by two prior felonies, under our former Penal Code. The appellant pleaded guilty before the trial judge, who found the enhancement paragraphs true and assessed the appellant's punishment at life in the Texas Department of Corrections.

The trial judge's admonitions were not in compliance with Article 26.13, Vernon's Ann.C.C.P., which states:

"(a) Prior to accepting a plea of guilty or a plea of nolo contendere, the court shall admonish the defendant of:

"(1) the range of punishment attached to the offense; and

---

1. Vernon's Ann.P.C., Article 1408.

"(2) the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court.

"(b) No plea of guilty or plea of nolo contendere shall be accepted by the court unless it appears that the defendant is mentally competent and the plea is free and voluntary.

"(c) In admonishing the defendant as herein provided, substantial compliance by the court is sufficient, unless the defendant affirmatively shows that he was not aware of the consequences of his plea and that he was misled or harmed by the admonishment of the court." [2]

The only admonishments given by the trial judge were as follows: [3]

"THE COURT: How do you plead to that indictment, Mr. Bouie?

"THE DEFENDANT: Guilty.

"THE COURT: Are you pleading guilty now because you are guilty and for no other reason, and are you satisfied in your own mind that you are guilty of this offense?

"THE DEFENDANT: Yes, sir.

"THE COURT: Has anyone induced you to make this plea because of any threat or fears or delusive hope of pardon; anything of that nature?

"THE DEFENDANT: No.

"THE COURT: You understand this is punishable by confinement in the Texas Department of Corrections by not less than five years nor more than 99 years or by life?

"THE DEFENDANT: Yes.

"THE COURT: You have elected to accept your punishment under the provisions of the new Code. Have you ever been a patient in a mental hospital or treated psychiatrically for any mental illness?

"THE DEFENDANT: No.

"THE COURT: Are you satisfied Counsel, that he does appreciate the nature of this proceeding and the consequences of his plea?

"MR. FUNCHESS [DEFENSE COUNSEL]: Yes, I am, Your Honor.

"THE COURT: All right. Have your seat."

It is clear that the trial judge did not comply with Article 26.13(a)(2)—". . . the fact that any recommendation of the prosecuting attorney as to punishment is not binding on the court." In *Murray v. State,* 561 S.W.2d 821 (Tex.Cr.App.1977), delivered October 5, 1977, this Court held that the trial judge's failure to comply with Article 26.13(a)(1)—". . . the range of punishment attached to the offense . ." was reversible error. See *Walker v. State,* 524 S.W.2d 712 (Tex.Cr.App.1975).

This Court is not confronted with a situation involving substantial compliance. Article 26.13(c). Rather, there was absolute noncompliance with the mandate of Article 26.13(a)(2). We should therefore hold that despite the absence of an objection, the trial judge's failure to comply with Article 26.-13(a)(2) was reversible error.

I feel compelled to make one further comment in light of the concurring opinion filed in this case. The Legislature in passing the Code of Criminal Procedure intended that the rules governing criminal trials should be uniform throughout the state. When the Legislature amended Article 26.-

---

**2.** The appellant's plea of guilty was entered on January 14, 1976. Article 26.13, supra, was amended to its present form in 1975, and was effective as of June 19, 1975.

**3.** A number of procedural irregularities must be noted. First, the appellant was arraigned only on the primary offense of robbery by firearms. At that point, the appellant entered a plea of guilty and the admonitions here quoted were given. After a trial before the court, the trial judge found the appellant guilty of robbery by firearms. The appellant was then re-arraigned on the two prior felonies. The appellant pleaded not true, but no admonitions were given. The State then proved up the two prior felonies.

Thus, it appears that the appellant was at no time admonished that if he pleaded guilty, and the trial judge found that the two prior felonies were true, the punishment would necessarily be life imprisonment. The majority also ignores the issue of whether the trial judge's admonitions regarding the range of punishment substantially complied with Article 26.13(a)(1).

13 of that Code in 1975, it provided that the trial judge in a guilty plea has two mandatory duties:[4] He must tell the accused what the range of punishment is, and he must advise the accused that the prosecutor's punishment recommendation is not binding on the judge.

Once again: These duties are mandatory. The Legislature intended that they should be complied with in all cases. To say that a trial judge may ignore these requirements is to hold that a mandatory statute of statewide application may be ignored in certain "exceptional" circumstances. This is the equivalent of standing aside from our duty as an appellate court. As the Chief Justice recently wrote in a somewhat different context:

"A legislature appropriately inquires into and may declare the reasons impelling legislative action but the judicial function commands analysis of whether the specific conduct charged falls within the reach of the statute and if so whether the legislation is consonant with the Constitution." *Landmark Communications, Inc. v. Virginia,* —— U.S. ——, ——, 98 S.Ct. 1535, 1544, 56 L.Ed.2d 1 (1978).

When a trial judge fails to follow a mandatory statute, the failure should be called to his attention. As an appellate court, our only way of calling attention is by reversing the case. To do so is neither nonsense nor an absurdity; it is nothing less than our duty.

The judgment should be reversed and the cause remanded.

PHILLIPS, Judge, dissenting and concurring.

I join in the dissent of Judge Roberts, infra. The failure to comply with Article 26.13, V.A.C.C.P., a mandatory statute, renders the plea of guilty void. The Legislature, via Article 26.13, has imposed minimum guidelines for assuring the voluntariness of guilty pleas in the State of Texas.

*Brady v. U. S.,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; *Cruz v. State,* Tex.Cr.App., 530 S.W.2d 817.

This admonishment omission renders the conviction void, thus relegating the punishment issue decided by the majority secondary. The proper disposition is to reverse the judgment and remand the cause.

Although secondary, I concur in the reasoning of the majority on the question of prosecutorial vindictiveness. The appellant was originally indicted for robbery by assault, second offender. Articles 1408 and 62, V.A.P.C. (1925). The enhancement allegation was waived and, upon entry and acceptance of a guilty plea, appellant was sentenced to 10 years confinement. This conviction was reversed on direct appeal. *Bouie v. State,* 528 S.W.2d 587. At the May term, 1975, appellant was indicted for robbery by firearms, second offender. Articles 1408 and 62, V.A.P.C. (1925). This indictment alleges use of a firearm whereas the original indictment alleged only violence. The prior conviction alleged for enhancement was the same in both indictments. A superceding indictment was returned in the November term of 1975 alleging robbery by firearms and *two* prior convictions for enhancement.

Appellant entered a plea of guilty to the robbery by firearms indictment and not true to the allegation of two prior convictions. Appellant was sentenced to life imprisonment upon the trial court's finding that the allegations of two prior convictions were true. Article 63, V.A.P.C. (1925).

Here the appellant pled guilty on remand to the substantive offense of robbery. The only reasonable conclusion to be reached on the history and facts of this case is that the prosecutor retaliated against appellant for his originally successful appeal. It is this Court's solemn responsibility to assure that the right of criminal defendants to appeal and contest their convictions is not impaired by the "apprehension" of retaliation.

**4.** The 1977 amendment to Article 26.13 expands these duties to provide (1) that the judge shall determine if a plea bargain was made, (2) that he shall then, before finding the accused guilty, tell the accused whether he will go along with the agreement, and (3) that he shall allow the accused to go withdraw the plea if he does not do so.

*North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656; *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628; Article 1, Sec. 19, Article 5, Sec. 5, Texas Constitution; Articles 1.04 and 44.-02,[1] V.A.C.C.P. Cf. *Alvarez v. State,* 536 S.W.2d 357.

The State's reliance on *Alvarez,* supra, is misplaced. There the defendant was reindicted as originally indicted. The repudiation of the original plea bargain by way of successful appeal *and* the plea of not guilty on remand deprived Alvarez of the benefits originally negotiated for on the premise of a guilty plea. Here, however, the State "ups the ante" by invoking Article 63, V.A.P.C. (1925), on remand *and* by refusing to waive the enhancement allegations when appellant persisted in his plea of guilty.

While dissenting to the disposition of this cause, I concur in the majority's reasoning on the issue of prosecutorial vindictiveness.

---

1. Cf. Article 44.02, V.A.C.C.P., as amended in the Acts of 1977, 65th Leg., P. 940, Ch. 351, Sec. 1, effective August 29, 1977.