Harold Francis RONK, Appellant,

v.

The STATE of Texas, Appellee.

Nancy Carol RONK, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 58853, 58854.

Court of Criminal Appeals of Texas,
Panel No. 3.

Jan. 17, 1979.

Rehearing En Banc Denied
March 28, 1979.

Herbert Green, Jr., Dallas, for appellant.

Henry M. Wade, Dist. Atty., W. T. Westmoreland, Jr. and Brady W. Sparks, Asst. Dist. Attys., Dallas, for the State.

Before DOUGLAS, ROBERTS and DALLY, JJ.

OPINION

DALLY, Judge.

Each appellant is appealing from a conviction for murder; the punishment in each case is imprisonment for life.

The appellants, husband and wife, pled guilty to the murder of Heath Lambert, the two-and-a-half year old son of Nancy Ronk by a previous marriage. The appellants were previously convicted for injury to a child, based on the same incident, and sentenced to imprisonment for twenty years. V.T.C.A. Penal Code, Sec. 22.04. Because the indictments omitted an essential element of the offense, the earlier convictions were reversed and the indictments were ordered dismissed. *Ronk v. State*, 544 S.W.2d 123 (Tex.Cr.App.1976). The indictments on which the convictions before us were based were then returned.

The appellants contend that, in obtaining murder indictments against them following their successful appeals from their earlier convictions for injury to a child, the State violated the rule announced in *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974). We agree, and reverse the convictions.

In *Blackledge v. Perry*, supra, the appellant, Perry, was initially charged with and convicted of misdemeanor assault, for which he was given a six-month sentence. Perry then filed notice of appeal, which under North Carolina law entitled him to a trial de novo in the appellate court. After

Perry filed his notice of appeal, but before the trial de novo, the prosecutor obtained an indictment charging Perry with felony assault. This indictment was for the same conduct for which Perry had previously been tried and convicted. Perry entered a plea of guilty to the latter indictment and was sentenced to a term of five to seven years in the penitentiary. The United States Supreme Court held that, under the rationale of its decision in *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), a person convicted of an offense is entitled to pursue his statutory right to appeal without apprehension that, if the appeal is successful, the State will retaliate by substituting a more serious charge for the original one, thus subjecting him to a significantly increased potential period of incarceration. The Court held that the action of the prosecutor in bringing the more severe charge violated the Due Process Clause of the Fourteenth Amendment.

The similarities between the instant case and *Blackledge v. Perry*, supra, are apparent. The appellants, by exercising their right to appeal, succeeded in setting aside their original convictions. They were then indicted for a more serious offense, based on the same conduct for which they had previously been tried. They waived a jury and pled guilty to this new indictment, and received sentences much more severe than they received following their first trial.

The State argues that, because the original indictments were fundamentally defective and void, they alleged no offense, and that in securing the new indictments the State merely undertook to present correct and valid indictments. We do not find this argument convincing. Even though the child was dead, the State first elected to obtain indictments against the appellants for injury to a child rather than indictments for murder. If murder were the proper charge to be brought against the appellants, why were they not originally charged with murder? In obtaining the new indictments the State did not merely seek to present valid indictments for injury to a child, but rather sought to charge the appellants with

the more serious offense of murder. That the appellants' original indictments were found to be void does not distinguish these cases from *Blackledge v. Perry*, supra, because under North Carolina law, the exercise by Perry of his right to trial de novo wiped the slate clean; "the prior conviction [was] annulled, and the prosecution and the defense [began] anew . . . ." 417 U.S. at 22, 94 S.Ct. at 2100. Furthermore, the right of a defendant to be free from apprehension that the State will retaliate if he successfully appeals his conviction should not turn on the ground on which his appeal is based.

There is no evidence that the prosecutor in this case acted maliciously or in bad faith in seeking the murder indictments, but the rules of *North Carolina v. Pearce*, supra, and *Blackledge v. Perry*, supra, do not require such a showing. We hold that, under the facts in this case, it was impermissible for the State to respond to the appellants' successful invocation of their right to appeal by bringing the more serious charge against them. Because the State could not permissibly require the appellants to answer to the murder charge, their guilty pleas do not foreclose them from attacking their convictions on appeal. *Blackledge v. Perry*, supra.

In the dissenting opinion it is observed that when a jury uninformed of the prior proceedings assesses a greater punishment, or the increased punishment is based on identifiable objective facts which occur after the original sentencing, the due process clause is not offended. *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973). However, this is wholly inapplicable to the facts of this case since the appellants' punishment was assessed by the court and not a jury and there is no evidence of identifiable objective facts which occurred after the original sentence.

The dissent admits that there is a violation of due process as applied by the United States Supreme Court in *Blackledge v. Perry*, supra. However, the dissent says that these judgments should be reformed to

show conviction for the offense of injury to a child and the judgment should then be remanded to the trial court for assessment of punishment. To do so would circumvent the rule of *Blackledge v. Perry*, supra. The rule of *Blackledge v. Perry* was transgressed when the appellants were indicted for murder and required to stand trial for the more serious offense following their successful appeals from the convictions for injury to a child. If the appellants had been reindicted for the offense of injury to a child rather than murder they might very well have decided on a jury trial or a not guilty plea. They would certainly have been in a better position for attempted plea bargaining.

The reliance on *Moss v. State*, 574 S.W.2d 542 (1978) and *Jones v. State*, 532 S.W.2d 596 (Tex.Cr.App.1967) in the dissenting opinion is inappropriate since neither dealt with the *Blackledge v. Perry*, supra, violation of due process. There were no reindictments in these cases. The State in apparent good faith had obtained indictments for burglary of a residence; the proof failed to sustain these allegations, but was sufficient to sustain the lesser included offense of attempted burglary of a building.

*Bouie v. State*, 565 S.W.2d 543 (Tex.Cr. App.1978) is not authority for reaching the result sought in the dissenting opinion. This can be readily seen by reading a portion of the concurring opinion from which we quote:

"In the instant case the prosecutor had to seek a new indictment for robbery if he intended to prosecute the appellant since the first indictment was held to be fundamentally defective. He later sought and obtained a third indictment, this time for robbery by assault with a firearm, rather than the original charge of robbery by assault. *Though a difference in penalty exists between the offenses, Article 1408, V.A.P.C., 1925 [footnote omitted], the difference was largely neutralized by the decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).* However, the prosecutor did not stop with changes in the offense charged in the primary court, but

alleged two prior convictions for enhancement whereas only one had been alleged in the first and second indictments. The indictments were not identical, and it appears clear that there was an escalation of the charges which, if proven, would require an automatic life sentence to be imposed and which, if not used, would give the prosecutor greater leverage in any plea bargain. Thus, like *Perry*, we are presented with facts suggesting a likelihood of potential prosecutorial vindictiveness. A person convicted of an offense is entitled to pursue his right of appeal without apprehension that the prosecution will retaliate by substituting a more serious charge for the original one thus subjecting him to a significantly increased potential period of incarceration." [Emphasis added.]

Under Art. 1408, supra, the maximum punishment for robbery by assault was imprisonment for life, while the maximum punishment for robbery by assault with a firearm was death. This difference in potential punishments was abolished by *Furman v. Georgia*, supra, which declared unconstitutional the death penalty as it was then imposed. Thus, unlike the instant case, the error in *Bouie v. State*, supra, did not result from the substitution of a more serious offense for that originally charged.

The judgments are reversed and the causes remanded.

DOUGLAS, Judge, dissenting.

The majority holds that a defendant, after setting aside a void indictment, can be given neither an increased sentence nor charged with a more serious offense. They also conclude that this case must be reversed and remanded rather than returned for assessment of punishment.

An indictment is fundamentally defective only when it fails to allege an offense against the laws of Texas and, thus, does not invoke the jurisdiction of the trial court. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Cr.App.1974); *Ex parte Cannon*, 546 S.W.2d 266, 268 (Tex.Cr. App.1976) (concurring opinion). When a case is tried on such an indictment, the proceeding and judgment are void.

The instant case presents a question concerning the effect of such an absolutely void conviction. The majority concludes that following a void conviction the State may not reindict on a charge more serious than the purported charge contained in the original indictment and the subsequent sentence may not be greater than the original sentence. In so doing, the majority improperly attaches significance to the original proceeding. A void conviction has no significance; it was obtained by a court lacking jurisdiction and is a nullity. This case should be considered as if the original trial, a nullity, did not occur. Thus, the record would indicate only that the State attempted to indict the appellant for injury to a child. At a subsequent date, the State secured a murder indictment. The majority would not hold that such a reindictment would be improper.

The logic of the majority quickly falls apart when other situations are considered. For example, had appellants been acquitted at the void proceeding, would the majority hold that double jeopardy prevented a subsequent trial upon a valid indictment? Its logic in this case indicates that double jeopardy would bar such a prosecution. Thus, we would be left with the curious result that a void proceeding is void with respect to a conviction but not an acquittal. A good rule of law works both ways. A void proceeding must be just that—void; for legal purposes, it never happened. The majority makes it void sometimes and not-so-void at other times.

The majority reverses and remands this case because "the appellants have been convicted of the more serious offense of murder." Even assuming there was error in the case, the disposition is not proper.

In determining the proper relief, it is appropriate to determine the exact injury of which complaint is made. Here, appellants complain of both prosecutorial and judicial vindictiveness. *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Both *Blackledge* and *Pearce* are bottomed on the theory that a defendant should neither be deterred from, nor penalized for, appealing a conviction. Thus, after successfully attacking a conviction, the State may not prosecute on a more serious charge nor may a judge impose a more severe sentence. However, *Pearce* and *Blackledge* did not impose an absolute bar to increased punishment. When a jury, uninformed of the prior proceedings, assesses a greater punishment or the increased punishment is based on identifiable, objective facts which occur after the original sentencing, the due process clause is not offended. *Chaffin v. Stynchcombe*, 412 U.S. 17, 93 S.Ct. 1977, 36 L.Ed.2d 714 (1973); *North Carolina v. Pearce, supra.*

The injury, then, is a vindictive indictment and sentence which would serve to deter the defendant. The vindictive nature of the punishment could be cured by a remand for punishment. *Bouie v. State*, 565 S.W.2d 543 (Tex.Cr.App.1978). However, the majority rejects the remand for punishment because "murder" is more severe than "injury to a child." The legal consequences of both convictions are the same.

If the causes must be remanded, they should be sent back for the proper assessment of punishment not to exceed twenty years.